OPINION
{¶ 1} Defendant-appellant Timothy J. Suloff appeals his April 26, 2005 sentence entered in the Tuscarawas County Court of Common Pleas following his conviction on two counts of aggravated robbery and two counts of theft. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On April 26, 2005, pursuant to a negotiated plea agreement, appellant entered a plea of guilty to two counts of aggravated robbery, felonies of the first degree, and two counts of theft, felonies of the fifth degree. In exchange, the State dismissed two counts of aggravated burglary and the attendant firearm specifications. The trial court conducted a sentencing hearing the same day. Following the hearing, the trial court imposed a four-year term of imprisonment on each count of aggravated robbery and a term of seven months on each count of theft. The court ordered each term to be served consecutively for a total of nine years and two months.
 {¶ 3} On February 27, 2006, appellant filed a pro se brief on delayed appeal, assigning as error:
 {¶ 4} "I. THE TRIAL COURT ERRORED [SIC] WHEN IT ALLOWED THE APPELLANT TO ENTER A PLEA OF GUILTY TO TWO COUNTS OF THEFT WHEN THEFT IS A CRIME OF SIMILAR IMPORT/ALLIED OFFENSE OF AGGRAVATED ROBBERY. IN VIOLATION OF THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 5} "II. THE TRIAL COURT ERRORED [SIC] IN IMPOSING A TERM GREATER THAN THE MINIMUM CONCURRENT SENTENCE FOR A PERSON WITH NO CRIMINAL HISTORY OF IMPRISONMENT BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY APPELLANT, 2929.14(B)(1)(2), AND MAKING ADDITIONAL FINDINGS THAT DO NOT JUSTIFY THE SENTENCE IN ITS JUDGMENT ENTRY OUTSIDE THE PRESENCE OF APPELLANT AND HIS COUNSEL. IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 {¶ 6} "III. COUNSELMAN PATRICK WILLIAMS PREJUDICED THE APPELLANT WHEN HE FAILED TO ENLIGHTEN THE COURT THAT IT WAS PROHIBITED FROM SENTENCING HIM TO MORE THAN THE MINIMUM SENTENCE. IN VIOLATION OF THE 6TH AMENDMENT."
 II {¶ 7} We first address appellant's argument raised in his second assignment of error. Appellant cites Blakely v.Washington 124 S.Ct. 2531, arguing the trial court erred in imposing a term greater than the minimum sentence and in making additional findings not found by a jury or admitted by appellant.
 {¶ 8} In State v. Suloff, Tuscarawas App. No. 2005 AP 06 0043, related to this appeal, we vacated appellant's sentence herein, and remanded the matter to the trial court for a new sentencing hearing in accordance with State v. Foster, ___ Ohio St.3d ___, 2006 Ohio St.3d 85. In light of our opinion in the related appeal and pursuant to Foster, we sustain appellant's second assignment of error.
 I, III {¶ 9} Based upon the above, we find appellant's first and third assignments of error premature. Said issues may be raised upon remand.
 {¶ 10} Appellant's April 26, 2005 sentence in the Tuscarawas County Court of Common Pleas is vacated, and the matter remanded to the trial court for a new sentencing hearing in accordance with Foster.
By: Hoffman, J. Gwin, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is vacated, and the matter remanded to the trial court for a new sentencing hearing in accordance with the law and our opinion in Tuscarawas App. No. 2005AP060043. Costs assessed to appellee.